UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Ashland)

| | |
|---|---|
| THOMAS HELTON, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 0:22-CV-112-CHB |
| ) | |
| v. ) | |
| ) | |
| KRISTEN WHITSON, et al., ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendants. ) | |

*** *** *** ***

Plaintiff Thomas Helton is a former federal inmate now residing in Cincinnati, Ohio. Helton has filed a *pro se* complaint asserting civil rights claims against federal officials pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). [R. 1.] The Court has granted his motion to proceed *in forma pauperis* by prior Order. [R. 5.] This matter is before the Court to conduct the preliminary screening required by 28 U.S.C. § 1915(e)(2). *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012).

When testing the sufficiency of the plaintiff's complaint, the Court affords it a forgiving construction, accepting as true all non-conclusory factual allegations and liberally construing its legal claims in the plaintiff's favor. *Id.* A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

In his Complaint, Helton indicates that in June 2018, while incarcerated at the Federal Correctional Institution in Ashland, Kentucky, he told Health Services Administrator Brian Baier that he had recently observed that his urine was deep red with blood. [R. 1, p. 2.] Helton complains that, although his bloody urine was "a tell-tale sign of kidney cancer," Baier did not take the matter

seriously or direct that he receive urgent medical care. [*Id.*] In attachments to his Complaint, Helton alleges that over the next year his condition was not adequately treated, resulting in cancer spreading to nearby organs. [*See* R. 1-2.] He further contends that in the next 18 months nurse Kristen Whitson failed to ensure that proper tests were conducted or to coordinate his medical care with other prison healthcare providers or with outside contract specialists. [R. 1, p. 4.] Helton also alleges that Mrs. Roane, the prison's head medical secretary, failed to heed directions from an outside urologist that Helton needed emergency care. [*Id.*] He includes an unidentified "transportation supervisor" as a defendant, alleging that he or she failed to ensure adequate staffing to transport inmates to medical appointments. [*Id.* at 3.] Finally, Helton names the Federal Bureau of Prisons as a defendant, assertedly because it employed the other defendants and is "responsible for their actions." [*Id.*] Helton indicates that surgery was performed in March 2020 to remove cancerous cells. [*Id.* at 21.] Helton thus states that the events giving rise to his claims "happened between June 7, 2018 through March 3, 2020." [*Id.* at 2-4, 10-31.] Helton claims that the defendants' conduct amounted to deliberate indifference to his serious medical needs in violation of the Eighth Amendment. [*Id.* at 5.] Helton does not specify any particular form of relief, but he does requests a jury trial. [*Id.* at 9].

  Helton attaches approximately 80 pages of documents to his complaint. [*See* R. 1-2.] Many of these are medical records. However, they also include one inmate grievance Helton filed in October 2019 complaining that he had not been taken to an outside medical appointment. [*Id.* at 55.] The warden rejected his grievance on numerous grounds, including that it was untimely, in November 2019. [*Id.* at 59.] Helton sent a letter back complaining that the rejection was improper, but there is no indication that he appealed the rejection to the appropriate regional and

national offices or otherwise pursued the matter further to exhaust his administrative remedies. [*See id.* at 55-59, 76.]

On December 21, 2021, Helton filed a Form SF-95, *Claim for Damage, Injury, or Death*, with the BOP regarding his medical care. [*See id.* at 79.] The Form SF-95 is a document sent to the appropriate federal agency to request administrative settlement of a tort claim arising from the conduct of the agency's employees pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq*. Helton also sent the BOP several additional letters and "supplements" to his original request. [*See* R. 1-2, pp. 42, 50-54, 60-65, 69-72, 79-81.] In his SF-95 and subsequent correspondence, Helton complained of repeated delays in the diagnosis and treatment for his condition and challenged the appropriateness and efficacy of the means chosen to effectuate both. In a letter sent shortly after he filed his SF-95, Helton clarified that, "although I am in fact at FMC Lexington now, my claim is for a personal injury suffered at FCI Ashland and staff members there, not FMC Lexington. My claim should clearly show that." [*Id.* at 81.]

The BOP assigned Administrative Tort Claim No. TRT-MXR-2022-01773 to Helton's settlement request and denied it on June 22, 2022. [*Id.* at 79.] The BOP noted that on October 23, 2019, Helton was transferred from FCI Ashland to FMC Lexington. Given Helton's repeated indication that his complaints were directed solely at medical staff at FCI Ashland, the BOP concluded that his December 2021 request for settlement was filed two months beyond the two-year limitations period established in 28 U.S.C. § 2401(b). The BOP therefore denied his request for administrative settlement as untimely. [R. 1-2, p. 79.] It further advised Helton that he must file any suit within six months if he wished to challenge that determination and pursue a claim under the FTCA. [*Id.*]

Helton filed suit in this Court in November 2022. *See Helton v. Whitson*, No. 0:22-103-WOB (E.D. Ky. 2022). But Helton did not file a complaint; instead, he simply filed a new Form SF-95 and more than 100 pages of medical and other records with the Court. [R. 1 therein.] The Court dismissed the action shortly thereafter, noting this and other deficiencies. [R. 5 therein.] In doing so, the Court noted that Helton's *Bivens* claims were barred by the statute of limitations and that he had "not named a proper defendant for a FTCA claim, nor included necessary allegations." [*Id.* therein at 2.] The Court sent Helton a set of forms to file a proper complaint and fee motion should he choose to do so. [*See id.* therein at 2-3.]

This action represents Helton's second attempt to pursue his claims. But the Court has thoroughly reviewed the Complaint and the materials Helton filed in support of it and concludes that it must be dismissed.

Helton first asserts claims against three named and one unnamed federal official pursuant to *Bivens*. [R. 1.] It appears that Helton failed to properly exhaust these claims as required by federal law. *See* 42 U.S.C. § 1997e(a). Although Helton filed one inmate grievance, the warden rejected it on numerous grounds, and Helton offers no indication that he pursued his remedies any further. That is not sufficient. *Cf. Lee v. Benuelos*, 595 F. App'x 743, 746-47 (10th Cir. 2014) (holding *Bivens* claims unexhausted where prisoner disregarded Central Office's direction to re-file grievance with institution); *Arzate-Miranda v. Farley*, No. 7:11-CV-116-KKC, 2015 WL 520557, at *5 (E.D. Ky. Feb. 9, 2015) ("A rejection of an administrative remedy is not the same as the BOP having ruled on the merits of an administrative remedy. A prisoner's failure either to complete the exhaustion of administrative remedies and/or to cure the deficiencies with his administrative remedies constitutes a failure to exhaust.").

Independent of any exhaustion concerns, as this Court noted in Helton's earlier case, it is apparent that his claims under *Bivens* are barred by the applicable statute of limitations. A claim plainly barred by the applicable limitations period may be dismissed upon initial screening. *Jones v. Bock*, 549 U.S. 199, 215 (2007) ("If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim[.]"); *Norman v. Granson*, No. 18-4232, 2020 WL 3240900, at *2 (6th Cir. Mar. 25, 2020) ("Where a statute of limitations defect is obvious from the face of the complaint, sua sponte dismissal is appropriate.").

Because *Bivens*—a damages remedy judicially implied directly under the Constitution—does not provide its own limitations period, federal courts apply the most analogous statute of limitations from the state where the events occurred. *Zundel v. Holder*, 687 F.3d 271, 281 (6th Cir. 2012). Helton complains about events occurring in Kentucky, therefore the Court applies the state's one-year statute of limitations for personal injury claims: KRS § 413.140(1)(a). *See Zappone v. United States*, 870 F.3d 551, 559 (6th Cir. 2017); *Bonner v. Perry*, 564 F.3d 424, 430 (6th Cir. 2009).

A plaintiff's claims accrue when he "knew or should have known of the injury which is the basis of his *Bivens* claims." *Friedman v. Estate of Presser*, 929 F.2d 1151, 1159 (6th Cir. 1991). Helton's claims accrued no later than October 2019 when he filed an inmate grievance complaining about the sufficiency of his medical care. Of course, the running of the limitations period may be tolled while the plaintiff satisfies mandatory prerequisites to suit, such as the exhaustion of administrative remedies. *See Brown v. Morgan*, 209 F.3d 595, 596 (6th Cir. 2000). But Helton promptly abandoned the grievance process, rendering any equitable tolling inappropriate. Helton was therefore required to file suit regarding his *Bivens* claims by approximately October 2020.

Because he did not file suit until December 2022, more than two years later, any *Bivens* claims are time barred and will be dismissed.

As noted above, Helton has submitted documentation indicating that he filed an administrative tort claim with the BOP and that it was rejected. However, Helton has again failed to properly assert a claim under the FTCA. Helton has named the BOP as a defendant in this action, but a federal agency enjoys sovereign immunity and thus may not be sued in federal court. *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994). The FTCA constitutes a limited waiver of the federal government's immunity for suits directly against *the United States* for claims sounding in tort and arising out of the conduct of its employees and officers committed within the scope of their employment. 28 U.S.C. § 1346(b); *Ali v. Federal Bureau of Prisons*, 552 U.S. 214, 217-18 (2008). But that waiver does not extend to federal agencies themselves:

> The authority of any federal agency to sue and be sued in its own name shall not be construed to authorize suits against such federal agency on claims which are cognizable under section 1346(b) of this title, and the remedies provided by this title in such cases shall be exclusive.

28 U.S.C. § 2679(a). As the Sixth Circuit has explained:

> The district court lacked subject-matter jurisdiction over the FTCA claims because Adu-Beniako failed to name the United States as the defendant in his complaint. *See Allgeier v. United States*, 909 F.2d 869, 871 (6th Cir. 1990); *see also Jude v. Comm'r of Soc. Sec.*, 908 F.3d 152, 157 n.4 (6th Cir. 2018). An FTCA claim naming only an agency and individual employees fails to bestow jurisdiction. *See Good v. Ohio Edison Co.*, 149 F.3d 413, 418 (6th Cir. 1998).

*Adu-Beniako v. Reimann*, No. 21-2978, 2022 WL 4538372, at *3 (6th Cir. July 12, 2022); *see also Mynatt v. United States*, 45 F.4th 889, 894 n.1 (6th Cir. 2022) (noting that a federal agency is not a proper defendant to a claim asserted under the FTCA). The Court previously cautioned Helton that he "has not named a proper defendant for a FTCA claim, nor included necessary allegations."

*Helton v. Whitson*, No. 0: 22-103-WOB (E.D. Ky. 2022) [R. 5 therein at 2.] Despite that caution, Helton failed to cure that jurisdictional defect in his current Complaint, requiring its dismissal.

Finally, the BOP correctly concluded that Helton failed to timely seek administrative settlement of his tort claim. Under the FTCA, a tort claim accrues when the plaintiff is injured, not at some later point when the plaintiff becomes aware that it was inflicted by another's negligence. *See Chomic v. United States*, 377 F.3d 607, 610 (6th Cir. 2004) (noting that an FTCA claim based on negligence or medical malpractice accrues "when a plaintiff knows of both the existence and the cause of his injury, and not at a later time when he also knows that the acts inflicting the injury may constitute negligence or medical malpractice"). In his Form SF-95, Helton predicated his claim of medical negligence upon the conduct of medical staff at FCI Ashland, a facility he departed in October 2019, and he expressly disavowed any intention to assert a claim based upon treatment at FMC Lexington after that date. [R. 1-2, pp. 79-81.] As noted above, Helton's claims accrued no later than October 2019. The Sixth Circuit has explained that:

> An FTCA plaintiff must present an administrative claim in writing to the appropriate Federal agency within two years after such claim accrues and bring the FTCA claim within six months after the date of mailing of notice of final denial of the claim by the agency to which it was presented. The claimant must satisfy both deadlines.

*Wood v. Wilson*, No. 21-5153, 2021 WL 7161614, at *3 (6th Cir. Sept. 29, 2021) (cleaned up) (*citing Zappone*, 870 F.3d at 555). Helton missed the first deadline by at least two months. Any FTCA claim would therefore also be time barred and must be dismissed. *McNeil v. United States*, 508 U.S. 106, 113 (1993).

For the foregoing reasons, the Court will dismiss the Complaint with prejudice.

Accordingly, the Court **ORDERS** as follows:

1. Plaintiff Thomas Helton's Complaint **[R. 1]** is **DISMISSED** with prejudice.

- 8 -

2. The Court will enter an appropriate judgment.

3. This matter is **STRICKEN** from the docket.

This the 24th day of February, 2023.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY